**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re: Request for Judicial Assistance from the
District Court for Prague 3 in Prague, Czech
Republic in the Matter of Jan Houdek

Case No. 26-mc-27 (DJF)

**ORDER**

This matter is before the Court on an Application for an Order Pursuant to 28 U.S.C. § 1782 (ECF No. 1) ("Application") that was submitted by the United States of America on behalf of the District Court for Prague 3 in Prague, Czech Republic.[1]  The Prague Court is adjudicating inheritance proceedings arising from the death of Jan Houdek.  (ECF No. 2 at 2; ECF No. 3-1 at 2-3.)  Mr. Houdek allegedly maintained at least two bank accounts at U.S. Bank.  (ECF No. 3-1 at 3.)  In order to assist the Prague Court's valuation of Mr. Houdek's estate, the Application requests a court order directing U.S. Bank to produce records showing: (1.) the balance of those accounts on the day of Mr. Houdek's death; (2.) the balance as of the date of the "bank's notification"; and (3.) the balance of any other bank accounts that Mr. Houdek may have had at U.S. Bank for those same dates.  (ECF No. 3-1 at 3; ECF No. 3-2 at 3.)  For the reasons stated below, the Court grants the Application.

28 U.S.C. § 1782 establishes a procedure for foreign tribunals to apply for a federal district court order that: (1.) appoints a commissioner and; (2.) directs a person in the United States to produce information to that commissioner.  For a court to issue such an order, the foreign tribunal must establish that: (1.) the discovery is sought from a person or entity found in the district where the

---

[1] The undersigned considers this matter pursuant to 28 U.S.C. § 636(b)(1)(A) and L.R. 72.1(a)(2) because the Application raises a non-dispositive issue.  *See In re Application of Nicolas Plowiecki for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782*, No. 21-cv-23 (JRT/BRT), 2021 WL 4973762 (D. Minn. Oct. 26, 2021) (concluding "a

application is filed; and (2.) the discovery is for use in a proceeding before the tribunal. *See In re Hallmark Capital Corp*, 534 F. Supp. 2d 951, 953-54 (2007).[2] When a foreign tribunal satisfies these requirements, the district court may exercise its discretion in deciding whether to grant the application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). In making that decision, a court must consider four factors: "(1) whether the person from whom discovery sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome." *In re Request for Judicial Assistance from the Municipal Court in Brno, Czech Republic*, No. 19-mc-21 (ECT/SER), 2019 WL 1513897, at *1 (D. Minn. Apr. 8, 2019) (citing *Intel Corp.*, 542 U.S. at 264-65).

The Application satisfies all the statutory requirements. U.S. Bank is found in the District of Minnesota, and the Prague Court seeks the discovery requested for use in its proceeding concerning Mr. Houdek's estate. Moreover, all four of the *Intel* factors weigh in favor of the Application. *See, e.g.*, *In re Request for Judicial Assistance from the Municipal Court in Brno, Czech Republic*, 2019 WL 1513897, at *2 (granting application made by U.S. Government on behalf of Czech court for purposes of determining value of decedent's estate). U.S. Bank is not a participant in the foreign proceeding, but it has information relevant to that proceeding, therefore the first factor favors the Application. The second and third factors also weigh in the Application's favor since it is the Prague Court, through the U.S. Government, that is seeking the discovery. Finally, this request does not

---

magistrate judge's order on a § 1782 subpoena is nondispositive").

[2] The *Hallmark* court cited an additional requirement that the applicant be an "interested person," but under the text of the statute, this requirement does not apply if the applicant is the foreign tribunal itself. *See* 28 U.S.C. § 1782 ("The order may be made pursuant to a … request by a foreign … tribunal or upon the application of any interested person….").

seek an unduly intrusive or burdensome production, especially given its relevance to the Prague Court's proceedings.

The Court also must address whether the requested disclosure is precluded under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-22. *See* 28 U.S.C. § 1782(a) ("A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.")  The RFPA prohibits government authorities from accessing the financial records of customers of financial institutions except under specific circumstances. *See* 12 U.S.C. § 3402.  Because Section 1782 requests do not clearly fall within any of the RFPA's exceptions, the RFPA arguably prevents the U.S. Government from obtaining the discovery sought here, even though it does so on behalf of a foreign tribunal.  Though the Eighth Circuit has not yet ruled on this issue, the Second Circuit addressed it in *Young v. U.S. Dep't of Justice*, 882 F.2d 633 (2d Cir. 1989).  In *Young*, the court held that "the RFPA does not apply to court-appointed commissioners, who would otherwise qualify as 'government authorities' under the RFPA, when they seek information from financial institutions with court-ordered subpoenas." *Id.* at 639.  The court so held for several reasons.  First, "Congress intended the RFPA to regulate the release of customer information from financial institutions in circumstances where adequate controls did not already exist." *Id.* at 637.  Because Section 1782 requests require court oversight, the Section 1782 process already addresses the evil that the RFPA was intended to cure.  Second, to apply the RFPA to Section 1782 requests would run afoul of the Act's objective of "stimulating reciprocal aid" between the United States and foreign governments.  Third, applying the RFPA to Section 1782 would not provide any privacy benefits since the Act does not preclude a foreign government from using a private person or entity to submit a Section 1782 request on its behalf. *Id.* at 637-38.  Finally, the risk of governmental abuse of the Section 1782 request process is low since it

requires a foreign government or party to initiate the process and the request can only be granted if the requesting party can "adequately establish that the evidence sought will be used in a foreign tribunal." *Id.* at 638.

The Court finds the Second Circuit's analysis persuasive and adopts its holding. *See also In re Request from United Kingdom Pursuant to Treaty Between U.S. & Gov't of United Kingdom of Great Britain, N. Ireland on Mut. Legal Assistance in Crim. Matters in the Matter of Easier, PLC*, No. 3:07-mc-46-J32MCR, 2007 WL 3286689 (M.D. Fla. Nov. 5, 2007) (adopting *Young* holding); *In re Request for Judicial Assistance from the District Court LANDECK, Austria in the Matter of Thomas Erich Meinrad Praxmarer*, No. 3:20-mc-6-J-32PDB, 2020 WL 1673652, at *2-3 (M.D. Fla. Apr. 3, 2020) (same). For all these reasons, the Court grants the Application.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that:

1. The Application for an Order Pursuant to 28 U.S.C. § 1782 (ECF No. 1) is **GRANTED**.

2. Pursuant to 28 U.S.C. § 1782, the Court appoints Agatha Koprowski as a commissioner and authorizes her to issue, sign, and serve the subpoena filed as ECF No. 3-2 upon U.S. Bank.

3. The Court further directs Ms. Koprowski to serve the subpoena with a copy of this Order.

4. Discovery conducted pursuant to this Order, as well as any related motion practice, shall comply with the Federal Rules of Civil Procedure and the District of Minnesota's Local Rules.

Dated: May 7, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge